**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4379**

———————

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

MICHAEL BRUCE MESSER, JR.,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., Senior District Judge.  (8:12-cr-00708-HMH-1)

———————

Submitted:  October 29, 2013        Decided:  November 12, 2013

———————

Before NIEMEYER, KING, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Maxwell B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Bruce Messer, Jr., appeals his conviction and thirty-month sentence imposed following his guilty plea to possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Messer's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court imposed a procedurally unreasonable sentence by failing to adequately explain the sentence imposed. Messer was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. Finding no error, we affirm.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court committed no significant procedural error, such as improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2006) factors and the parties' sentencing arguments, and inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010).

In announcing a sentence, the court must conduct an "individualized assessment justifying the sentence imposed and

2

rejection of arguments for a higher or lower sentence based on § 3553." Id. at 584 (internal quotation marks omitted). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). The district court must provide sufficient explanation to "demonstrate that it 'considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority.'" Lynn, 592 F.3d at 576 (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

The explanation for a Guidelines sentence "need not be elaborate or lengthy," United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009) (internal quotation marks omitted), and the district court need not "robotically tick through § 3553(a)'s every subsection, particularly when imposing a within-Guidelines sentence." United States v. Powell, 650 F.3d 388, 395 (4th Cir. 2011) (internal quotation marks omitted). A district court has rendered an adequate explanation for a Guidelines sentence "when the district court indicates that it is 'rest[ing] [its] decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other

congressional mandates) in the typical case, and that the judge has found that the case before him is typical.'" United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (quoting Rita, 551 U.S. at 357). Additionally, "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly." United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006).

We have thoroughly reviewed the record and conclude that the district court's explanation, while brief, was legally adequate to support its decision to reject Messer's request for a downward variance and sustain the within-Guidelines sentence it ultimately imposed. See Rita, 551 U.S. at 359 ("Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively."); Hernandez, 603 F.3d at 270-73 (finding explanation nearly identical to that supporting Messer's sentence adequate under Rita).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Messer's conviction and sentence. This court requires that counsel inform Messer, in writing, of the

4

right to petition the Supreme Court of the United States for further review. If Messer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Messer.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED